**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **LAQUETA LONG LILES,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 1:08-CV-0131-C | |
| § | ECF | |
| § | | |
| **MICHAEL J. ASTRUE,** § | | |
| **Commissioner of Social Security,** § | | |
| § | Assigned to United States | |
| Defendant. § | Magistrate Judge | |

**MEMORANDUM ORDER AND OPINION**

**THIS CASE** is before the court upon Plaintiff's complaint filed September 26, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on March 2, 2009, and Defendant filed a brief on March 19, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on March 26, 2008 (Doc. 6), and December 22, 2008 (Doc. 16). This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge affirm the Commissioner's decision and dismiss the complaint with prejudice.

**I. STATEMENT OF THE CASE**

Plaintiff filed applications for disability insurance benefits and for SSI benefits on May 9, 2006, alleging disability beginning May 1, 2005. Tr. 14, 70-73. Plaintiff's applications were denied initially and upon reconsideration. Tr. 14, 38-43, 50-57. Plaintiff filed a Request for Hearing by

Administrative Law Judge on February 7, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on November 29, 2007. Tr. 14, 37, 251-71. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 255-70. At the hearing, Plaintiff requested that her alleged onset date be amended to August 1, 2006. Tr. 14. The ALJ issued a decision unfavorable to Plaintiff on April 23, 2008. Tr. 11-21.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements since August 1, 2006, and that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision. Tr. 14-15. Plaintiff has "severe" impairments, including degenerative changes in her lumbosacral spine, generalized osteoarthritis, bilateral sciatica, ischemic changes versus a demyelinating process in her brain, a history of aseptic meningitis, major depressive disorder, and anxiety disorder. Tr. 15. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 18.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 19-20.

The ALJ found that Plaintiff could return to her past relevant work as a cashier or office manager. Tr. 20. The ALJ found that Plaintiff retained the RFC to perform, on a continuing and

sustained basis, the exertional and nonexertional requirements of light work activity, limited to jobs requiring only occasionally climbing ladders, ropes, or scaffolds and jobs involving detailed, but not complex, instructions. *Id*. He found that Plaintiff's impairments do not prevent Plaintiff from performing her past relevant work as a cashier or office manager. Tr. 21. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 20-21.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 23, 2008. Tr. 7-10. The Appeals Council denied Plaintiff's request and issued its opinion on July 11, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 3-6. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 26, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's

decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 20-21.

### III. DISCUSSION

Plaintiff claims that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to include all of the limitations imposed by her impairments in the RFC finding and because the ALJ failed to properly evaluate the requirements of Plaintiff's past relevant work in finding at step 4 of the sequential evaluation process that she could perform her past relevant work. Plaintiff argues that the additional limitations that the ALJ failed to include in the RFC finding would preclude her from performing her past relevant work. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.      Whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.**

Plaintiff alleges that the ALJ's RFC finding is not supported by substantial evidence because the evidence of record demonstrates that her ability to handle or finger is limited by her impairments. Plaintiff also alleges that the mental RFC and limitation to work involving detailed but not complex instructions is inconsistent with the opinions of the state agency medical consultants ("SAMCs").

Plaintiff argues that the record demonstrates that she has complained of hand numbness and pain and that the RFC finding of the ALJ does not adequately reflect such limitations.

The ALJ noted in his opinion that Plaintiff underwent a consultative examination by G.C. Lindsey, D.O., who noted that Plaintiff's reflexes were symmetrical, grip was excellent, she had no atrophy or weakness, and she had full range of motion in her upper extremities. Tr. 16. The ALJ noted that Plaintiff complained of tingling and numbness in her hands in January 2007. Tr. 17. The ALJ noted that Dr. Russell S. Dickerson's impressions were neck pain with possible cervical radiculopathy resulting in tingling in the bilateral fingers; low back pain with occasional radiation into the right lateral thigh, and a peculiar gait making him suspicious of a somatoform disorder. *Id*.

The ALJ indicated in his making his credibility finding that Plaintiff "does have significant stenosis in her cervical spine that might account for her hand and finger complaints." Tr. 19. The RFC finding did not include limitations to specifically reflect Plaintiff's reports of tingling or numbness in her fingers.

The record demonstrates that Dr. Dickerson, an examining neurologist, noted Plaintiff's report of tingling and numbness in all fingers of both hands. Tr. 217. He noted that upon examination, Plaintiff's sensation was subtly diminished to pinprick and light touch in the palm of the left hand but was otherwise intact as to the remainder of the left upper limb and other three limbs. Tr. 218. Dr. Dickerson noted that Plaintiff's power was 5/5 throughout, with normal bulk

and tone. *Id*. Dr. Dickerson indicated that he was suspicious of a possible somatoform disorder. *Id*.

Plaintiff's treating physician, Dr. Darrold A. Stoebner, noted Plaintiff's complaints of tingling or numbness in her hands. Tr. 228. He noted that upon examination, Plaintiff's strength was good in her hands, with no diminution to speak of in soft touch or pinprick in her hands. *Id*. Dr. Ta Van Nguyen, another neurologist, noted upon examination that motor function testing of the hands showed muscle strength of 5/5. Tr. 247. He noted that sensory examination was within normal limits. Tr. 248.

The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ did not incorporate any limitations in the RFC assessment based on Plaintiff's complaints of tingling and numbness in her fingers. Plaintiff alleges that the RFC assessment should have included a limitation on the ability to handle or finger, particularly given Plaintiff's testimony that her fingers did not move fast enough in performing her past work.

However, the evidence of record, including the reports and opinions of Plaintiff's treating physician, and treating and examining specialists, did not indicate that limitations were posed by Plaintiff's complaints of numbness and tingling.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th

Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. The ALJ appropriately considered and discussed the treating, examining, and other medical evidence regarding the limitations imposed by Plaintiff's impairments, and in making the RFC determination, specifically regarding Plaintiff's complaints of numbness and tingling. The RFC assessment is supported by substantial evidence of the record and is consistent with the ALJ's credibility finding.

The court finds that the ALJ did not err by failing to incorporate additional limitations into the RFC assessment on fingering or handling.

Plaintiff also alleges that the ALJ erred in making his mental RFC assessment because the ALJ found that the opinions of the SAMCs were well supported but failed to make the same findings.

In his opinion the ALJ noted that he had considered the opinions of the SAMCs regarding whether Plaintiff's impairments, singularly or in combination, met or equaled in severity any section of the Listing of Impairments. Tr. 15. The ALJ noted that such assessments were generally well supported by the evidence and specifically indicated that he concurred with the finding that Plaintiff's impairments did not meet or equal in severity any section of the Listing of Impairments. *Id.*

Pursuant to Social Security Ruling 96-6p (July 2, 1996) ("SR 96-6p"), the findings of fact made by SAMCs regarding the nature and severity of an individual's impairment "must be treated as expert opinion evidence of nonexamining sources" by the ALJ. The ALJ is "not bound by findings made by state agency or other program physicians and psychologists, but [he] may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id.*

However, the opinions of SAMCs "can be given weight only insofar as they are supported by evidence in the case record." *Id*. Moreover, the ALJ is not bound by the findings of the SAMCs as to whether an individual's impairment is equivalent in severity to any impairment in the Listing of Impairments. *Id*.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a; 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "B" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20 C.F.R. § 416.920a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas described. 20 C.F.R. § 416.920a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 416.920a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. Pt. 404, Subpt. P, app. 1,

12.00-12.09 and 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

In evaluating mental disorders under the Listing of Impairments, the Commissioner first considers whether the claimant has a medically determinable mental impairment. *See* 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00. Upon such a determination, the Commissioner then considers the criteria set forth in paragraphs B and C, which describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. *Id.* The functional limitations in paragraphs B and C must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings. *Id.* The Commissioner will first consider the paragraph B criteria before the paragraph C criteria and will assess the paragraph C criteria only if it is found that the paragraph B criteria are not satisfied. *Id.* The claimant will be found to meet a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied, thereby establishing presumptive disability. 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00.

In his opinion the ALJ indicated that he had given great weight to the opinions of the SAMCs regarding whether Plaintiff's impairments were equal in severity, or met the criteria of, any section of the Listing of Impairments. The ALJ evaluated Plaintiff's mental impairments and found that Plaintiff was mildly restricted in her activities of daily living, experienced mild difficulties in social functioning, had moderate deficiencies of concentration, persistence, or pace, with no episodes of decompensation. Tr. 20. Plaintiff argues that the ALJ improperly evaluated the opinions of the SAMCs. However, the ALJ noted that he had given the opinions of the SAMCs with respect to the determination of presumptive disability great weight. The ALJ was not required to accept the opinions of the SAMCs as to any matter. The ALJ found that Plaintiff was limited with regard to

the RFC, referred to medical evidence of record which was not before the SAMCs, and considered Plaintiff's testimony at the administrative hearing.

The court finds that the ALJ did not err on weighing, considering, or explaining the weight given to the opinions of the SAMCs; finds that the ALJ did not err in making his RFC finding or by failing to include additional limitations in the RFC assessment; and finds that such assessment is supported by substantial evidence in the record.

**B.      Whether the ALJ erred by failing to properly evaluate the requirements of Plaintiff's past relevant work.**

Plaintiff argues that the ALJ erred in finding that she could return to her past relevant work by failing to compare the RFC finding with the requirements of her past work. Insofar as Plaintiff argues that the ALJ erred by failing to compare the additional limitations in social functioning, the ability to perform detailed work, and the ability to use her hands for fine or gross manipulations, the court has already found that the RFC finding is supported by substantial evidence in the record. Plaintiff argues that "[h]ad the ALJ properly considered these limitations against the requirements of Plaintiff's past work, the ALJ would have found that Plaintiff no longer retains the ability to perform her past relevant work," thereby shifting the burden of proof to the Commissioner at step 5 of the sequential evaluation process. Pl. Brief at 8.

This case terminated at step 4 of the sequential evaluation process. To establish a prima facie case of disability, Plaintiff had to show that she could no longer perform her former work. *Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988). The mere inability of the Plaintiff to perform certain requirements of her past job does not mean that she is unable to perform her past relevant work. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Moreover, Plaintiff bears the burden of proof at step 4 of the sequential evaluation process to show that she was unable to do her past relevant work. *Masterson*, 309 F.3d at 272; *Hollis v,* 837 F.2d at 1386. The ALJ was not required

to consider the additional hand limitations, limitations in social functioning, or inability to perform detailed work, as the ALJ appropriately did not incorporate such limitations into the RFC finding.

The ALJ found that she could perform her past relevant work in the manner she actually performed such work at the light exertional level, consistent with the limitations incorporated into the RFC finding. Tr. 21. Morever, Plaintiff performed the work identified for many years. Tr. 76. Defendant correctly notes that this is consistent with Plaintiff's work history report. Tr. 83-84. The ALJ specifically found that her past relevant work as a cashier and office manager did not require the performance of work related activities precluded by the RFC finding.

The court finds that the ALJ did not err at step 4 of the sequential evaluation process and further finds that the ALJ's decision is supported by substantial evidence.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 15th day of March, 2010.

_[signature]_

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**